510

## CIRCUIT COURT OF THE CITY OF ALEXANDRIA

Howard J. Holton,
Director of Finance of the
City of Alexandria

v.

Samuel Yudkin,
d/b/a Economy Books

October 18, 1977

Case No. (Chancery) 8186

By JUDGE WILEY R. WRIGHT, JR.

The petitioner, a public official authorized to act by Code § 42.1-89, has petitioned the Court to order the defendant to return to the custody of the petitioner a certain book which is alleged to be a public record of the City of Alexandria. At the conclusion of the evidentiary hearing held on October 14th, the Court found that the book is a public record within the meaning of Code Section 42.1-77(H) and took under advisement the question of whether the City has abandoned or otherwise forfeited its right to possession of the book. During the course of the hearing, the Court ruled adversely to the defendant on the Constitutional and statutory defenses raised by the defendant.

The evidence adduced establishes that the book is a collection assignment receipt book maintained by the Clerk and Auditor of the City Council during the period 1814 to 1862. Its purpose was to record the accounts turned over to the tax collectors for collection by the Clerk and Auditor, both offices being held by the same person.

The defendant suggests that the book was among the items made available to the Chesapeake Book Company by the City in 1957 when the City disposed of certain records and documents pursuant to the authority contained in Ordinance No. 903, which was passed by the City Council on February 28, 1956. The petitioner says that the evidence does not support this contention, notwithstanding the fact that the petitioner is unable to account for the whereabouts of the book prior to the time that it came into the hands of the defendant's consignor.

If it is the position of the defendant that the book was abandoned, then he must show that the City voluntarily relinquished possession of the book with the intention of terminating its ownership and with no intention of vesting title in another. If abandoned, title to the book passed to the first person who thereafter took possession of it for the purpose of ownership. *Talley v. Drumheller*, 143 Va. 439, 130 S.E. 385 (1925); 1 Am. Jur. 2d, *Abandoned, Lost and Unclaimed Property*, Section 1. The party asserting that property is abandoned must prove such to be the case by clear and convincing evidence. *County School Board v. Dowell*, 190 Va. 676, 58 S.E.2d 38 (1950); *State of North Carolina v. West*, 293 N.C. 18, 235 S.E.2d 150 (1977); 1 Am. Jur. 2d, *Abandoned, Lost and Unclaimed Property*, Section 36.

On the other hand, if it is the position of the defendant that the City made a gift of the book to the Chesapeake Book Company, then it must be shown that possession of the book was delivered at the time of the gift to the Chesapeake Book Company or to some other for it, that the gift was accepted by the Chesapeake Book Company, and that the title to the book vested in the Chesapeake Book Company at the time of the gift. The person claiming title to personal property by virtue of a gift inter vivos bears the burden of proving every fact and circumstance necessary to constitute a valid gift by clear and convincing evidence. *Rust v. Phillips*, 208 Va. 573, 159 S.E.2d 628 (1968).

The Court has weighed the evidence against the foregoing principles and has reached the conclusion that the book was neither abandoned nor given away by the City. The defendant has made a diligent effort to carry his burden of proof, a burden rendered especially heavy by

the facts of this case. Nevertheless, the Court may not relieve the defendant of his burden by engaging in speculation about the circumstances under which the City lost possession of the book.

Finally, the Court finds that, prior to the seizure ordered by the Court, the book was in the possession of a person not authorized by the custodian of the public records or by law to have possession of it. Accordingly, the Court will order that the book be returned by the defendant to the petitioner.